IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. MILES | § | |
| VS. | § | CIVIL ACTION NO. 6:19cv469 |
| AGENT BOBBY CLAWSON | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher A. Miles, a former inmate confined within the Gregg County Jail proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Defendant Clawson's motion for summary judgment, (Dkt. #22). For reasons explained below, the Court recommends that the motion be granted, and that Plaintiff's lawsuit be dismissed with prejudice.

**I. Miles's Complaint**

Miles argues that Defendant Clawson violated his constitutional rights under the Fourth Amendment by failing to properly execute a "knock and announce" warrant in February 2019, (Dkt. #2). Specifically, Miles contends that (1) the "knock and announce" warrant was not performed when the warrant was executed; (2) he was not shown a copy of the warrant until after his arrest; (3) the warrant lacked probable cause; (4) the search and arrest warrant was invalid because it should have been separate documents; and (5) he was charged with a different crime than articulated in the warrant. Ultimately, charges were dismissed in 2023 and Miles seeks an unspecified amount of monetary damages or an injunction.

**II. Defendant's Motion for Summary Judgment**

Defendant Clawson asserts that he is entitled to qualified immunity, (Dkt. #22). He contends that Miles's Fourth Amendment claims fail, as the independent-intermediary doctrine applies. Clawson further states that he had probable cause to arrest Miles and that he acted objectively reasonably. Finally, Clawson maintains that Miles's "technical claims" do not invoke the Constitution. Miles has not filed a response.

**III. Relevant Summary Judgment Evidence**

Defendant Clawson attaches four exhibits in support of his motion for summary judgment:

**Exhibit A:** Affidavit, Bobby Clawson

**Exhibit A-1:** Texas Commission on Law Enforcement Personal Status Report,

**Exhibit B:** Court documents relating to Miles's criminal cases, and

**Exhibit C:** Transcript of Hearing on Motion to Suppress

In his affidavit, (Dkt. #22-1), Clawson states that he was performing his duties as a law enforcement officer and that the information supplied to him through the confidential informant (CI) was correct. He also explains that he arrested Miles because he "found there was a probability or substantial chance that [he] had committed or was in the process of committing manufacturing/delivery of a controlled substance." *Id*. at pg. 22.

The summary judgment evidence reflects that Clawson prepared an affidavit in support of a search and arrest warrant related to suspect Thomas at a particular residence location in Longview, Texas. *Id*. at pg. 37-39. Clawson stated that he believed Thomas was in possession of methamphetamine and other paraphernalia, implements, and instruments in violation of the Texas Controlled Substances Act. *Id*. at pg. 37. He cited information from a confidential informant (CI) that the CI was in the suspected place within the past 72 hours—personally observing Thomas in

2

possession of what was believed to be methamphetamine. *Id*. at pg. 38. The CI provided information regarding packaging, measuring, additional deliveries, and that Thomas referred to the substance as "ice." *Id*. Based on the CI's information, Clawson believed he would find evidence of methamphetamine trafficking and paraphernalia at the residence.

State court Judge Alfonso Charles signed a no-knock search and warrant on February 15, 2019, based on Clawson's affidavit, (Dkt. #22-3, pg. 40). The search and arrest warrant specified, in part, the following:

> I further find that Affiant has established probable cause to believe that to knock and announce their purpose by the Officers executing this warrant would be futile, dangerous, and otherwise inhibit the effective investigation of the offense or offenses related to the purpose of this Warrant. Therefore, unless circumstances to the contrary are discovered prior to entry, you are hereby authorized to dispense with the usual requirement that you knock and announce your purpose before entering the suspected placed to execute this Warrant.

*Id*. at pg. 40.

On February 15, 2019, Clawson and other members with the Gregg County Organized Drug Enforcement Unit (CODE) along with the Longview SWAT team executed the search warrant at the "suspected place." Once inside, law enforcement discovered four males—one of which was Miles. Powder cocaine, marijuana, digital measuring scales, a 20-gauge shotgun, a .40 caliber pistol, and ammunition were discovered. The shotgun and pistol were reported stolen. Clawson testifies that "based on the facts known to [him] about the activity at the suspected location and Miles' near proximity to the drugs and paraphernalia located at the scene, [he] found there was a probability or substantial chance that Miles" had committed or was committing the manufacturing/delivery of a controlled substance, (Dkt. #22-1, pg. 22). Law enforcement then arrested Miles, transported him to the Gregg County Jail, and charged him with manufacturing/delivery of a controlled substance. *Id*.

Justice of the Peace Robby Cox found that probable cause existed to arrest Miles on February 16, 2019, (Dkt. #22-1, pg. 43). Subsequently, on May 8, 2019, a grand jury indicted Miles on the charge of possession of intent to deliver a controlled substance (cocaine) and two counts of unlawful possession of a firearm. *Id*. at pg. 44-46.

Miles's attorney filed a motion to suppress, maintaining that Clawson recklessly relied upon false statements from the CI pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Miles argued that the CI provided false information to Clawson because no methamphetamine was found inside the residence. After an evidentiary hearing, the court denied Miles's motion to suppress. *Id*. at pg. 72. Thomas proceeded to a jury trial and was found not guilty on February 20, 2020. *Id*. at pg. 57. The District Attorney's Office then dismissed charges against Miles on February 23, 2023. *Id*. at pg. 58.

**IV. Legal Standards**

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. In determining whether there is a genuine dispute of a material fact, the court must examine the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "Material facts are those that might affect the outcome of the suit under the governing law." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2019) (internal citation and quotations omitted).

The United States Court of Appeals for the Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id.* at 567 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Util., Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

To carry this burden, the non-movant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). All reasonable inferences are drawn in favor of the non-moving party, but the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only "a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Miller v.*

5

*Graham*, 447 F. App'x 549, 551 (5th Cir. 2011); *Chacon v. York*, 434 F. App'x 330, 332 (5th Cir. 2011). "Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation" will not survive summary judgment. *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016).

The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation marks omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To demonstrate the inapplicability of the qualified immunity defense, the plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

When applying the second prong, the court examines whether "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (internal alterations and quotation marks omitted). The Fifth Circuit has observed that an official:

> does not lose qualified immunity merely because a certain right is clearly established in the abstract. It is clearly established that the government may not deny due process or inflict cruel and unusual punishments, but those abstract rules give officials little practical guidance as to the legality of particular conduct. Qualified immunity should not be denied unless the law is clear in the more particularized sense that reasonable officials should be on notice that their conduct is unlawful.

*Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (internal quotation marks omitted).

**V. Discussion and Analysis**

A review of the summary judgment evidence, viewed in the light most favorable to Miles, demonstrates that the evidence before the Court could not lead to different factual findings and conclusions. Summary judgment favoring Defendant Clawson is appropriate in this case.

Miles argues that Defendant Clawson violated his rights under the Fourth Amendment during his arrest. He maintains that Clawson lacked probable cause because he failed to knock and announce. Miles further states that the warrant lacked particularity and raises additional technical complaints regarding the warrant.

The United States Court of Appeals for the Fifth Circuit applies the same standard for claims of false imprisonment and false arrest. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). As it appears that Miles was not convicted for the incidents forming the basis for these particular arrests, his claims of false arrest arise under the Fourth Amendment—the right to be free from the unreasonable seizure of one's person. *See Deville v. Mercantel*, 567 F.3d 156, 164 (5th Cir. 2009). In order to establish a false arrest under section 1983, a plaintiff must show that the arresting officers did not have probable cause to make the arrest. *See Anokwuru v. City of Houston*,

7

990 F.3d 956, 963 (5th Cir. 2001); *Reed v. Mun. of Taylorsville, Miss.*, 2020 WL 3213419, at *5 (S.D. Miss. Jun. 15, 2020) ("To establish that defendants violated Reed's constitutional rights by arresting her, Reed must show that the officers lacked probable cause.").

Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2002); *see also Hogan v. Cunningham*, 722 F.3d 725, 731 (5th Cir. 2013) ("Probable cause for an arrest made without a warrant exists when the totality of facts and circumstances within an officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed an offense.") (internal citations omitted). When considering what a "reasonable person" would conclude, courts take into account the experience and expertise of the law enforcement officers. *See U.S. v. Garcia*, 179 F.3d 265, 268 (5th Cir. 1999).

This standard under the Fourth Amendment requires substantially less evidence than that which would be sufficient to support a conviction. *Id*. Indeed, probable cause does not require an actual showing of criminal activity. *See, e.g.*, *Ill. v. Gates*, 462 U.S. 213, 245 (1983) ("But, as discussed previously, supra, 2332, probable cause does not demand the certainty we associate with formal trials."). Probable cause, instead, requires only a "fair probability" that an offense was committed—or is being committed. *Garcia*, 179 F.3d at 269. The "fair probability" standard requires more than bare suspicion, "but it need not reach the fifty percent mark." *Id*. Accordingly, here, Miles must show that law enforcement did not possess probable cause to arrest him.

Furthermore, while not absolute, when the facts supporting an arrest are placed before an independent intermediary—such as a magistrate or a grand jury—the intermediary's decision

8

breaks the chain of causation for false arrest, thereby "insulating the initiating party." *Deville*, 567 F.3d at 170; *see also Murray v. Earle*, 405 F.3d 278 (5th Cir. 2005) ("[W]hen a neutral intermediary, such as a justice of the peace, reviews the facts and allows a case to go forward, such an act breaks the chain of causation.") (internal citation and quotations omitted). In other words, the intermediary's determination of probable cause—either before or after the arrest—satisfies the Constitution and the inquiry ends there. *Id*. The independent-intermediary doctrine applies even if the arrestee is never convicted of the crime. *See Buehler v. City of Austin Police Dept.*, 824 F.3d 548, 554 (5th Cir. 2016). The Court notes that Miles makes no claim concerning an independent intermediary or the court process.

Here, the uncontested summary judgment evidence reveals that Defendant Clawson had probable cause to arrest Miles on February 15, 2019. A confidential informant provided Clawson with information that within the last 72 hours, he personally witnessed Thomas in possession of what he believed to be methamphetamine inside the suspected residence. The CI described packaging and the existence of measuring scales. Moreover, Clawson explained that he knew the CI to be reliable, and that when the CI provided information before, it proved to be true.

Judge Alfonso Charles issued the search and arrest warrant based on this information. Clawson discovered Miles inside the suspect residence at the time of the search—along with cocaine, marijuana, digital measuring scales, a 20-gauge shotgun, a .40 caliber pistol, and ammunition. These facts establish that it was reasonable for Clawson to believe that Miles had been or was committing a criminal offense. *See Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) (explaining that "[p]robable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.").

Miles maintains that the law enforcement "came crashing through the front door with what was supposed to have been a knock & announce search warrant" and he "was not presented a warrant til hours later," (Dkt. #2, pg. 5). However, the uncontested summary judgment evidence reveals that the search and arrest warrant specifically authorized law enforcement "to dispense with the usual requirement that you knock and announce your purpose before entering the suspected place to execute the warrant," (Dkt. #22, pg. 40). In other words, the warrant authorized law enforcement to enter the residence to execute the warrant without knocking and announcing beforehand. Miles's claim that Clawson lacked probable cause to arrest him because law enforcement failed to knock and announce prior to entering the residence is without merit.

Miles's claim that his arrest was invalid because he was not presented with a warrant until hours after his arrest is similarly without merit. The failure to provide a defendant with a copy of the warrant until after the search does not invalidate the arrest absent demonstrating legal prejudice or bad faith. *See United States v. Marx*, 635 F.2d 436, 441 (5th Cir. 1991); *United States v. Neal*, 182 F. App'x 366, 371 (5th Cir. 2006). To demonstrate prejudice, a defendant must "show that because of the violation of [Federal Rule of Criminal Procedure] 41 he was subjected to a search that might not have occurred or would not have been so abrasive had the rule been followed." *Marx*, 635 F.2d at 441.

Here, the failure to provide Miles with a copy of the warrant until a few hours after the arrest—without more—does not invalidate the arrest. He does not show, or even indicate, that the failure to provide him with the warrant was predicated on bad faith or malice. *See United States v. Wicks*, 115 F. App'x 648, 650 (5th Cir. 2004) ("The failure to deliver a copy of a search warrant until the day after a search will not mandate suppression under the Fourth Amendment absent a showing of prejudice."). This claim should be dismissed.

Turning to Miles's claim that the search and arrest warrant was insufficient because it lacked particularity, such claim fails as well. The United States Constitution states that a warrant should not issue without "particularly describing" what is to be seized. U.S. CONST. amend. IV. "A warrant's particularity is sufficient if a reasonable officer would know what items he is permitted to seize," and the warrant does not require "all items authorized to be taken" to be specifically identified. *United States v. Fulton*, 928 F.3d 429, 434 (5th Cir. 2019) (citing *United States v. Aguirre*, 664 F.3d 606, 614 (5th Cir. 2011)). The place to be searched and the items to be seized must be described with particularity such that an officer has no discretion to decide what may be seized. *See United States v. Triplett*, 684 F.3d 500, 505 (5th Cir. 2012); *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010); *see also Williams v. Kunze*, 806 F.2d 594, 598 (5th Cir. 1986) ("The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized."). In this way, the particularity requirement leaves no room for "general searches." *See United States v. Christine*, 687 F.2d 749, 752 (3d Cir. 1982) ("The particularity requirement 'makes general searches … impossible.'") (quoting *Marron v. United States*, 275 U.S. 192, 196 (1927)). When reviewing challenges to the particularity requirement, courts examine the warrant as a whole—including any accompanying affidavit and/or attachments. *Aguirre*, 664 F.3d at 614.

Miles contends that the search and arrest warrant lacked particularity because it failed to "describe" the evidence or the facts. But he does not articulate specifically how the warrant lacked particularity. To the extent Miles maintains that the warrant was insufficient because it specified a search for methamphetamine rather than cocaine, such claim fails. The United States Court of Appeals for the Fifth Circuit has upheld warrants "where a searched or seized item was not named in the warrant … but was the functional equivalent of other items that were adequately described."

11

*United States v. Aguirre*, 664 F.3d 606, 614 (5th Cir. 2011); *see also United States v. McGaffey*, 587 F.Supp.3d 550, 556 (E.D. Tex. Nov. 12, 2021).

While the search and arrest warrant specified methamphetamine as the controlled substance to be seized, law enforcement discovered cocaine and marijuana inside the residence. Law enforcement was not limited to searching and seizing methamphetamine when inside the residence—especially considering that the search and arrest warrant specified that the individuals outlined in the warrant were "accused of a Felony offense against the laws of the State, namely, Possession of a Controlled Substance listed in Penalty Group One of the Texas Controlled Substances Act" and that Clawson "may arrest others for the same offense that may have been unknown to the Affiant but found to be occupants of said premises and/or in control of same," (Dkt. #22-3, pg. 40) (search and arrest warrant).

Miles further contends that the warrant should not have included both a search and arrest warrant within the same document. Specifically, he maintains that "these warrants/search or arrest are two different affidavits & even though the warrant commanded a search & arrest of every suspect or person present they were supposed to be sep[arate]," (Dkt. #2, pg. 5).

Texas Code of Criminal Procedure 18.03 provides, however, that:

> If the facts presented to the magistrate under Article 18.02 of this chapter also establish the existence of probable cause that a person committed some offense under the laws of this state, the search warrant, **may, in addition,** order the arrest of such person.

Tex. Code Crim. P. Ann. art. 18.03 (emphasis added). Miles fails to demonstrate how this rule violates his federal constitutional rights. This claim should also be dismissed.

The independent-intermediary doctrine essentially forecloses Miles's Fourth Amendment claims, and qualified immunity shields Clawson's conduct. As mentioned, once facts supporting an arrest are placed before an independent intermediary, the intermediary's decision breaks the

chain of causation for false arrest. *See Fitch v. Marrow*, 199 F. App'x 347 (5th Cir. 2006). However, the chain may be broken if the deliberations of the intermediary were "tainted" by the actions of the defendant. *Id.*; *see also Cuadra v. Houston Indep. School Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). Moreover, when an officer's conduct is objectionably reasonable in light of the causal chain, the officer is entitled to qualified immunity. *Id.*

Here, the magistrate issued the search and arrest warrant for the "suspected place" based on his finding of probable cause. Miles alleges nothing indicating that the magistrate's decision or deliberations were tainted by Defendant Clawson's actions. Conclusory allegations of deception or falsifying information to the magistrate will not prevail on summary judgment. *See Curtis v. Sowell*, 761 F. App'x 302, 305 (5th Cir. 2019); *Cuadra*, 626 F.3d at 813 (mere allegations of taint may survive motion to dismiss stage only). Because Miles presents no evidence that the deliberations of the independent intermediary were tainted, his false arrest claim fails, and Defendant Clawson is entitled to qualified immunity. *See Trois v. Long*, 362 F. App'x 399, 402 (5th Cir. 2010) (affirming district court's granting of summary judgment, finding the grand-jury indictment established probable cause, which broke the chain of causation for false arrest—and that the officer was entitled to qualified immunity).

Finally, the fact that the state dropped the charges against Miles is of no consequence. The Supreme Court has held that "the validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he was arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). The Constitution does not guarantee that only the guilty be arrested. *See Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (explaining that section 1983 would provide a cause of action

for every defendant acquitted and every suspect released if the Constitution guaranteed that only the guilty be arrested).

## VI. Conclusion

Defendant Clawson's motion for summary judgment should be granted. Miles failed to demonstrate the inapplicability of the independent-intermediary doctrine. Probable cause existed for his arrest, and Defendant Clawson is therefore entitled to qualified immunity.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant Clawson's motion for summary judgment, (Dkt. #22), be granted and Plaintiff Miles's claims be dismissed with prejudice.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections).

**So ORDERED and SIGNED this 2nd day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

14